United States District Court
Southern District of Texas
FILED

MAY 28 2002

Michael N. Milby
Clerk of Court

B-02-110

AO 243 (Rev. 5/85)    MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District  Southern District Court of Texas |
|---|---|
| Name of Movant  Guillermo, Garza, Jr. | Prisoner No.  77552-079 | Case No.  1:98CR00001-001 |

Place of Confinement
F.C.I Beckley. P.O.Box 350. Beaver, West Virginia. 25813

UNITED STATES OF AMERICA    v.    Guillermo, Garza, Jr.
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack Southern District of Texas. Clerk office, 600. E. Harrison, Brownsville, Tx. 78520

2. Date of judgment of conviction June, 29, 1999

3. Length of sentence 70 Months

4. Nature of offense involved (all counts) Possesion of Mariguana with intentions To distribute.

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☑
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   One Count Indicment.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☑

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____ N/A _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____ N/A _____

    (3) Grounds raised _____ N/A _____

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result_____

(6) Date of result _____ N/A _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Because I was serving a state sentence, when a federal detainer was placed on me. I plead guilty to federal charges, and recieve a 70 months sentence runed consecutive to unfinished state prison. Name/Location. Hardman County Correctional facility. Hardman County, TN.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: I have not recieve full credit for all of my Time while incarcerated.

Supporting FACTS (state *briefly* without citing cases or law) I was serving state sentence, when the federal government placed a detainer. I recieve my sentence in June, 29, 1999. And return me to serve out state sentence. I believe I deserve credit for time on federal sentence while I was in state Prison. Barden-vs-Keohane, 921 F2d, 476 (1990)

B. Ground two: State and federal sentence were handed down at approximately at the same time.

Supporting FACTS (state *briefly* without citing cases or law): I was sentence in two soverns. I was serving state sentence when federal detainer was placed on me for federal charges. I was then sentence in federal court and returned to the state to finish serving state time all this occured in 1999. I then was placed in the costudy of the B.O.P. in 2001. I should be given credit for time served in state custody of federal sentence. Barden-vs-Keohane, 921 F2d, 476 (1990). US-vs-Fuentes, 107, F3d (1997) (see attached) USSE Guidelines.

C. Ground three: When I was sentenced in federal court in June, 29, 1999. Then return to state prison to finish time (nonelutant)

Supporting FACTS (state *briefly* without citing cases or law): Credit on state sentence should count of federal sentence because it should be counted as credit. Because of detainer. Barden-vs-Keohane, 921, F2d, 476, (1990). US-vs-Fuentes, 107, F3d, (1997).

(5)

AO 243 (Rev. 5/85)

D. Ground four: "See attached"

Supporting FACTS (state *briefly* without citing cases or law):

"See attached"

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

I was not aware That The B.O.P. was not giving me credit Towards my federal sentence until I was classified by The B.O.P. in 2001.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing Noe, Garza, Jr. #854 E. Van Buren, ST. Brownsville, Texas. 78520

   (b) At arraignment and plea Noe, Garza, Jr. #854 E. Van Buren, ST. Brownsville, Texas. 78520

   (c) At trial _____ N/A

   (d) At sentencing Noe, Garza, Jr. #854 E. Van Buren, ST. Brownsville, Tx. zc 78520.

AO 243 (Rev. 5/85)

(e) On appeal N/A

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding N./A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5-21-02
(date)

"Authorized By The Act Of July 27, 1955 To Administer Oaths (18 USC 4004)."

_____
Case Manager

_____
Signature of Movant

(7)

Mr. Guillermo, Garza Jr. Contends That The following should apply,: USSG § 5G1.3(c) governs The sentencing of a defendant who is already serving a state, or federal sentence, requiring The new federal sentence "To run consecutively To The undischarged imprisonment To The extent nesesary To achieve a reasonable incremental punishment for The instant offense. Per. application note 3, "Reasonable Incremental Punishment is determined "By adding To The undischarged sentence an amount That Would make The combined Sentence approximate That wich would be imposed if The defendant were sentenced for The two offenses at The same Time. " U.s. vs. Wiley-Danaway, 40 F.3d, 67, 69-70 (4th Cir. 1994) Accord U.S.-vs Johnson, 48 F.3d 806, 807 (4th Cir. 1995).

As in Mr. Garza Case when added together The combined Sentence exceeds The guidelines sentence for The crime. Also see us. Vs. Hill 59 F.3d 500 4th Cir. 1995.

Under 18 U.S.C § 3568 a Person sentenced To a Term of imprisoment could recieve credit Towards his/her sentence. § 3568 was under 3585(b).

A federal detainer was placed on me Guillermo, Garza. While in State Custody. I should recieve credit Towards my federal sentence for Time incarcerated in state Prison, because of The federal detainer and both federal and state charges were at The same Time but diferent charges. See Us-vs-Wiley-Danaway 40 F.3d 67, 69-70 (1994) So The federal court should have considered state sentence at sentencing. Credit should be given of federal sentence for Time served in state after federal detainer was placed in 1998.