UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GUILLERMO GARZA, JR.<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-02-110<br>CR. NO. B-98-001 |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Guillermo Garza, Jr. (Petitioner) is a federal inmate currently incarcerated at a federal correctional institution in Beaver West, Virginia. On or about December 10, 1997, in the Southern District of Texas, Petitioner was arrested with approximately forty-nine (49) kilos of marijuana. Petitioner was subsequently indicted by the Grand Jury on January 6, 1998. Petitioner pleaded guilty to possession with intent to distribute less than 50 kilos of marijuana (count 2) on March 5, 1998 and was sentenced to 60 months, based upon the recommendation of the PSR, in a federal correctional institution and three years supervised release. The judgment and sentence were entered on September 19, 2001. Petitioner was serving a state sentence in Greeneville, Tennesee when he was placed on federal detainer and brought to the Southern District for the abovementioned proceedings.

Petitioner Garza now seeks post-conviction relief under 28 U.S.C. §2255 claiming that he

1

should receive credit toward his federal sentence for time served in state prison.

## ANALYSIS

For the proposition stating that he deserves credit for time spent in state prison on his federal sentence, Petitioner Garza cites *Barden v. Keohane*[1]. *Barden* can be distinguished from the instant case. The court in *Barden* compelled the Bureau of Prisons (BOP) to request a nunc pro tunc designation of a state prison as a place of confinement for a federal charge because the state intended the inmate's sentence to run concurrently with the federal sentence. In the case at bar, the court intended the federal sentence to run **consecutive** to the state sentence. Simply put, the federal court articulated that the federal sentence was to begin immediately after the state sentence ended, unlike *Barden*, where the state court intended the inmate's sentence to run at the same time as the federal sentence. Petitioner cites to other cases that are similarly off-point.[2]

Other cases Petitioner Garza cites are based upon a reading of U.S.S.G. §5G1.3(c) before the enactment of amendment 535 in November 1995.[3] In Petitioner Garza's Writ of Habeas Corpus, he specifically states that the federal sentence is required "to run consecutively to the undischarged imprisonment. . . ." (Writ Attachment pg. 1) The sentencing guidelines state that

---

[1] Borden v. Keohane, 921 F. 2d. 476 (3rd Cir. 1990)

[2] See also United States v. Johnson, 48 F. 3d. 806, 809 (4th Cir. 1995)(where the case was remanded for re-sentencing because the court had not specified whether the sentence was to run consecutive or concurrent with the previous sentence.) This case, like Borden, is dealing with the court's failure to determine whether a sentence should run consecutive or concurrent with the current sentence.

[3] See United States v. Wiley-Dunaway, 40 F. 3d. 67 (4th Cir. 1994); United States v. Hill, 59 F. 3d. 500 (4th Cir. 1995)

2

"the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."[4]

In the 5th Circuit, *United States v. Richardson* [5] does require that the court make a statement that generally acknowledges the consideration of the §3553 factors.[6] However, *Izaguirre-Losoya* considers that the sentencing court makes its decisions based upon a PSR and arguments by defense counsel.[7] Therefore, "absent a contrary indication in the record, such evidence implies that the district court was aware of and considered the § 3553 . . . factors."[8]

Nowhere in the petition does Petitioner Garza note that he objected to the sentence at the time of sentencing. Also, he does not state that he asked for concurrent sentencing and does not provide a reason why he may have qualified for concurrent sentencing. Based upon the absence of objections, Petitioner may not even have the ability to appeal his sentence based on this issue. No objections were made on Petitioner's behalf to the government's PSR.

This Writ is completely without basis and the court should consider it frivolous. Therefore this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings. Although the court assigning the sentence may not have

---

[4] U.S.S.G. §5G1.3(c)

[5] 87 F. 3d. 706, 711 (5th Cir. 1996)

[6] Id.

[7] 219 F. 3d. 437, 440

[8] Id.

expounded on the reasoning for assigning Petitioner Garza a consecutive sentence, such explanations are not required. It is presumed that the court took all factors[9] into account at the time of sentencing.[10]

## RECOMMENDATION

In accordance with the 5th Circuit precedence in the case of *Izaguirre-Losoya*, granting this Writ would be a waste of judicial time and resources.[11] The sentence set by the Federal court was issued with the assistance of a PSR and in adherence to the sentencing guidelines. As the federal sentence is set to run consecutively with the state sentence, Petitioner cannot receive credit for time served under his state sentence. For this reason and the reasons set forth above, Petitioner's Motion for Relief pursuant to 28 U.S.C. §2255 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[9] Including all factors outlined in 18 USC §3553(a)

[10] See United States v. Izaguirre-Losoya, 219 F. 3d. 437 (5th Cir. 2000)(where the court held that the district court was aware of and considered the 18 U.S.C. §3553(a) factors. The district court's failure to articulate precise reasons for imposing the sentence was not clear error since it did not impair defendant's substantial rights). See also United States v. Johnson, 138 F. 3d. 115 (4th Cir. 1998)(stating that "statutory changes and the sentencing guidelines have dramatically altered the sentencing landscape. Congress never intended, however, for sentencing to become a hyper-technical exercise devoid of common sense." ); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (holding that a sentencing court need not engage in a "ritualistic incantation in order to establish its consideration of a legal issue"); United States v. Caves 73 F.3d 823, 825 (8th Cir. 1996) (rejecting contention that district court must recite mandatory sentencing factors before revoking term of supervised release); United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir. 1991) ("We assume that the district court knows and applies the law correctly, and therefore considers the factors in 18 U.S.C. § 3553(a).").

[11] 219 F. 3d. at 442

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the objected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996)

DONE at Brownsville, Texas this 6th day of June, 2002.

_____
Felix Recio
United States Magistrate Judge